IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Kate J., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 3:21-cv-50334 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| *Defendant.* ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kate J. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her social security benefits.[2] For the reasons set forth below, the Commissioner's decision is affirmed.

**I. Background**

Plaintiff, who is currently 38 years old, has undergone five back surgeries, with the first one occurring when she was 15 years old. In addition to back pain, Plaintiff also has pain from arthritis in many of her joints. She reported many physical symptoms, including struggling with walking, sitting, lifting objects more than five pounds, and doing most household chores. She had previously worked as a phlebotomist and reported that she stopped working due to trouble with her arthritis. She attempted to return to college to become a school nurse but was unable to complete the program.

---

[1] Kilolo Kijakazi has been substituted for Andrew Marshall Saul. Fed. R. Civ. P. 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).

Plaintiff submitted applications for disability insurance benefits and supplemental security income in September and October of 2018 respectively, when she was 34 years old. Plaintiff alleged that she suffered from spondylolisthesis grade three, serotonin syndrome, difficulty with balance, trouble swallowing, difficulty with breathing, tremors, and depression with an alleged onset date of August 6, 2017. Her claims were initially denied on June 28, 2019, and upon reconsideration on February 4, 2020. Thereafter, she filed a written request for a hearing, and a hearing was held before an Administrative Law Judge ("ALJ") on December 1, 2020.

On December 23, 2020, the ALJ issued an unfavorable decision finding Plaintiff was not entitled to benefits. The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine status post history of surgeries, lupus anticoagulant, left ankle tibia tendinitis and fracture, and obesity. The ALJ determined that Plaintiff's severe impairments did not meet or medically equal a listed impairment. The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with additional restrictions. The ALJ determined that Plaintiff had no past relevant work but that there were jobs that existed in significant numbers in the national economy that she could perform. Plaintiff requested review by the Appeals Council, which was denied. Plaintiff appealed the ALJ's decision to this Court on August 27, 2021.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "An

ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (citations omitted). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

In the decision denying Plaintiff benefits, the ALJ stated the following with respect to Plaintiff's RFC:

> Due to a combination of the claimant's spinal and left ankle pathology, and the effects of obesity, on her ability to stand or walk for prolonged periods, she is limited to performing work at less than the full range of sedentary exertion, frequently using foot controls with the right lower extremity, but never using foot controls with the left lower extremity, never climbing ladders, ropes or scaffolds, and occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling, and as a precautionary measure, with lupus anticoagulant, avoiding use of vibratory tools, and all exposure to hazardous machinery and unprotected heights. No greater limitations are warranted given [Plaintiff's] sufficient functioning to independently perform self-care activities such as showering and dressing, folding laundry (15F/3, Hearing Testimony), grocery shopping if even for brief periods, driving to appointments (e.g., 15F/1), and her son to and from school, and attend nursing school (Hearing Testimony).

R. 25.

In a two-part argument, Plaintiff asserts that the ALJ erred by overinflating her ability to perform limited activities of daily living.[3] Pl.'s Br. at 9, Dkt. 12. She asserts that the ALJ (1)

---

[3] In her opening brief, Plaintiff made several other arguments; however, after the Commissioner responded to each of those arguments, Plaintiff abandoned the arguments in her one-page reply brief. The Seventh Circuit has indicated that failure to respond to an argument in a response brief results in waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Accordingly, the Court construes Plaintiff's failure to respond to the Commissioner's arguments as a waiver of those arguments and declines to address them. *See Whitcher v. Saul*, 20-CV-445-JDP, 2021 WL 805570, at *4 (W.D. Wis. Mar. 3, 2021); *Corey Z. v. Saul*, 18 CV 50219, 2019 WL 6327427, at *8 (N.D. Ill. Nov. 26, 2019); *Roxanne R. v. Berryhill*, No. 18 C 5484,

ignored her testimony that she performed these activities with accommodations and (2) inappropriately equated her ability to do these modified activities with an ability to work full-time. *Id*. at 10-11; Pl.'s Reply at 1. The Commissioner argues that the ALJ properly followed the regulations in considering Plaintiff's activities of daily living and that none of the activities she cited were inaccurate. Def.'s Resp. at 8-9, Dkt. 16. The Commissioner also contends that the ALJ did not equate Plaintiff's activities of daily living with an ability to work but, rather, considered the activities as one factor in determining whether she had the capacity for a reduced range of sedentary work. *Id*. at 9.

The Court will first discuss each of the activities that the ALJ referenced in the RFC analysis to determine whether Plaintiff's argument that the ALJ ignored her testimony about modifications required for those activities has any merit. With respect to the ALJ's reliance on Plaintiff's ability to independently shower and dress, Plaintiff argues the ALJ ignored her testimony that she often does not shower or change for days at a time. Pl.'s Br. at 10, Dkt. 12. However, in the RFC section of the decision, the ALJ explicitly mentions Plaintiff's report that she showers about once a week and dresses herself only for appointments. R. 22. Additionally, earlier in the decision, the ALJ discussed Plaintiff's testimony that she showered and dressed herself infrequently due to pain and noted that the record reflected no problem with Plaintiff's hygiene. R. 19. However, the ALJ also pointed to the consultative examiner's note that Plaintiff could dress and undressed without assistance. R. 23. This indicates that, contrary to Plaintiff's argument, the ALJ did *not* ignore her testimony about her limitations with showering and dressing. Rather, the ALJ considered that testimony, along with other evidence, and concluded that Plaintiff could independently do those activities and that informed the RFC. *See Burmester v. Berryhill*,

---

2019 WL 2502033, at *6 n.6 (N.D. Ill. June 17, 2019); *Buffolino v. Colvin*, 12 CV 50245, 2015 WL 1285277, at *6 (N.D. Ill. 2015).

4

920 F.3d 507, 510 (7th Cir. 2019) ("The court is not to 'reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner.'") (citation omitted). The Court finds that the ALJ did not err in his consideration of Plaintiff's ability to shower and dress herself.

Regarding the ALJ's statement that Plaintiff had sufficient functioning to independently fold laundry, Plaintiff argues that the ALJ ignored her testimony about not performing any of the housework. Pl.'s Br. at 10, Dkt. 12. However, Plaintiff paints an incomplete picture of her testimony. To support the reference to folding laundry, the ALJ cited to one of the consultative examination reports. In the report, the examiner wrote that Plaintiff "does no real household chores only folding laundry." R. 1542. The ALJ also cited to Plaintiff's hearing testimony, in which she stated that her son helps her do the laundry in terms of moving things around while she sits and folds the laundry. R. 49. As such, the ALJ did not ignore Plaintiff's testimony; she was very specific about which household chore Plaintiff was able to do independently. As such, the Court concludes that the ALJ did not ignore or otherwise err with respect to Plaintiff's testimony about her ability to fold laundry.

In response to the ALJ's reliance on Plaintiff's ability to go grocery shopping, Plaintiff argues that the ALJ ignored her testimony that she utilizes a grocery delivery service for her groceries. Pl.'s Br. at 10, Dkt. 12. Again, this is only a snippet of Plaintiff's testimony about her grocery shopping habits. When directly asked by the ALJ, Plaintiff testified at the hearing that she does sometimes go grocery shopping:

> Q: Do you grocery shop?
> A: I either grocery shop or I do the app where you order it and then you drive through and they put it in your trunk . . .
> Q: And so there are times that you do go to the grocery store?
> A: Yeah – fairly quick trips. If I'm having a good day, I can walk around with my walker for a little bit. I try and get out when I can for that.

5

R. 50. Moreover, when referencing Plaintiff's ability to grocery shop, the ALJ acknowledged that she was able to do so "*if even for brief periods*." R. 25 (emphasis added). Therefore, the Court finds that the ALJ did not err in his consideration of Plaintiff's ability to grocery shop.

With respect to the ALJ's reliance on Plaintiff's ability to drive to appointments and drive her son to and from school, Plaintiff does not point to any of her hearing testimony that the ALJ allegedly ignored. This is critical to her argument because the burden is on Plaintiff, not the Court, to develop her argument and provide evidence to support her claims. *See Vincent A. v. Berryhill*, No. 16 C 7136, 2019 WL 2085104, at \*12 (N.D. Ill. May 13, 2019) ("Plaintiff apparently expects the Court to review these pages and identify for itself the supported allegations and determine their significance. The Court declines to do so.") (citing *Howard v. Inland SBA Mgmt. Corp.*, 32 F. Supp. 3d 941, 948 (N.D. Ill. 2014) ("It simply is not the court's job to sift through the record to find evidence to support a party's claim.")). As a result, there is no evidence for the Court to find that the ALJ erred in considering Plaintiff's ability to drive.

Regarding the ALJ's statement that Plaintiff had attended nursing school, Plaintiff argues that the ALJ ignored her testimony that she was forced to drop out of nursing school due to an inability to function at sufficient levels. Pl.'s Br. at 10, Dkt. 12. Plaintiff's point is well taken in light of the fact that the ALJ did not discuss or reference Plaintiff's inability to complete the nursing program anywhere in her decision. Although the ALJ could have further explained why Plaintiff's initial choice to attend nursing school informed the RFC despite her inability to complete the program, the ALJ offered many other specific reasons (discussed above) to explain why Plaintiff's medical record did not support incorporating additional limitations. The Court finds that these other reasons were enough to build the logical bridge between the evidence and the RFC conclusions. *See Rick M. v. Saul*, No. 20 CV 4369, 2021 WL 2588762, at \*5 (N.D. Ill. June 24,

2021). In sum, the Court finds that remand is not warranted on the basis that the ALJ ignored Plaintiff's testimony about her activities of daily living.

The Court also declines to find that the ALJ inappropriately equated Plaintiff's ability to do these modified activities with an ability to work full-time. The ALJ explicitly stated that the reason she considered Plaintiff's activities of daily living was to determine the limitations appropriate for Plaintiff's RFC. *See* R. 25 ("No greater limitations are warranted given [Plaintiff's] sufficient functioning to independently perform self-care activities. . ."). There is no indication that the ALJ used Plaintiff's activities to prove that she could work, nor does Plaintiff point to anything in the ALJ's decision to support such a claim. *See Heather M. v. Berryhill*, 384 F. Supp. 3d 928, 936 (N.D. Ill. 2019) ("[T]his is not a case where the ALJ equated daily activities with a capacity to hold down a full-time job. . . Here, the ALJ discussed plaintiff's activities and, rather than say they proved she could work, she accounted for their limited nature by restrictions in her residual functional capacity finding."). Therefore, the Court concludes that remand is not warranted.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, the Commissioner's motion is granted, and the ALJ's decision is affirmed.

Date: August 11, 2022        By:      *[signature]*
                                     Lisa A. Jensen
                                     United States Magistrate Judge